IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRISTOPHER JAY SCAPEROTTA, #A6083262,<br><br>Plaintiff,<br><br>vs.<br><br>BARBRA J. RHUE, *et al.*,<br><br>Defendants. | CIVIL NO. 20-00544 DKW-KJM<br><br>ORDER DISMISSING ACTION AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS BY A PRISONER |

Before the Court is Plaintiff Christopher Jay Scaperotta's ("Scaperotta") Prisoner Civil Rights Complaint ("Complaint") brought pursuant to 42 U.S.C. § 1983, ECF No. 1, and his Application to Proceed In Forma Pauperis by a Prisoner ("IFP Application"), ECF No. 2.  Scaperotta alleges that Defendants[1] violated his civil rights in 1979, by taking him from his parents and placing him in the Klingberg Family Care Center in New Britain, Connecticut.  ECF No. 1 at 5. For the following reasons, this action is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).  Scaperotta's IFP Application is DENIED.

---

[1] Scaperotta names as Defendants Barbra J. Rhue, the State of Connecticut, and the Klingberg Family Care Center.  ECF No. 1 at 1–2.

## I. <u>STATUTORY SCREENING</u>

The Court is required to screen all in forma pauperis prisoner pleadings against government officials pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). *See Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018). Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam). Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. *See id.*

Rule 12 is read in conjunction with Rule 8(a)(2) when screening a complaint; Rule 8 "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).  The "mere possibility of misconduct," or an "unadorned, the-defendant-unlawfully-harmed-me accusation" falls short of meeting this plausibility standard.  *Id.* at 678–79 (citations omitted); *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  The Court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint.  *See Lopez*, 203 F.3d at 1130.  When a claim cannot be saved by amendment, dismissal with prejudice is appropriate.  *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II.  **BACKGROUND**[2]

In the summer of 1979, Scaperotta arrived at the Klingberg Family Care Center in New Britain, Connecticut.  ECF No. 1 at 5.  While there, Scaperotta met Defendant Rhue.  *Id.*  Scaperotta claims that Rhue "enticed," "allured," and "provoked" him to sue his parents because they allegedly abused, abandoned, and

---

[2] Scaperotta's factual allegations are accepted as true.  *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

failed to care for Scaperotta. *Id.* Scaperotta claims that suing his parents "violated God's law," and he says that he has been living with "the consequences of that Biblical Curse ever since[.]" *Id.*

Scaperotta seeks $200 million in compensatory damages, $500 million in "nominal and punitive damages," $175 billion in "personal injury damages," and a "letter of apology/new life." *Id.* at 6.

### III.  DISCUSSION

Venue may be raised sua sponte when the defendant has not filed a responsive pleading and the time for doing so has not run. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986); *Nagarajan v. U.S. Gov't*, 199 F.3d 1332, 1332 (9th Cir. 1999) (unpublished). If jurisdiction is not founded solely on diversity, a civil action may be brought in a district court of the United States where: (1) any defendant resides, if all defendants are residents of the State in which the district is located; (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is not district in which an action may otherwise be brought as provided in (1) or (2), any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b); *see Lee v. Corr. Corp. of Am.*, 525 F. Supp. 2d 1238, 1241 (D. Haw. 2007).

Here, Section 1391(b)(1) does not apply because all Defendants do not reside in Hawaii. *See Lee*, 525 F. Supp. 2d at 1241 n.1 ("Because all Defendants do not reside in Hawaii, subsection (1) is inapplicable."). Section 1391(b)(2) does not apply because none of the complained-of conduct has any connection to Hawaii. *See Lee*, 525 F. Supp. 2d at 1241 (noting that significant events or omissions material to the plaintiff's claim must have occurred in the district in question). Finally, Section 1391(b)(3) does not apply because Scaperotta could have brought this action in the United States District Court for the District of Connecticut. In short, venue in this district is improper.

"The district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a). Section 1406(a) gives the court discretion to dismiss the action without prejudice or transfer it to another district. *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

Although it appears that this action could have been brought in Connecticut, the interests of justice would not be served by transferring this case. To the extent Scaperotta attempts claims against the State of Connecticut, they are barred by the Eleventh Amendment. *See Lanteri v. Connecticut*, 726 F. App'x 80, 80–81 (2d Cir. 2018) (concluding that plaintiff's claims under 42 U.S.C. § 1983 against the

State of Connecticut were barred by the Eleventh Amendment). Any remaining claims appear barred by the applicable statute of limitations because the complained of conduct occurred in 1979. *See Walker v. Jastremski*, 159 F.3d 117, 119 (2d Cir. 1998) ("When a § 1983 action is filed in the District of Connecticut, it is subject to a three-year statute of limitations.").

Scaperotta's Complaint is DISMISSED without prejudice. Any claims arising out of events that occurred in Connecticut in 1979, must be brought, if at all, in the District of Connecticut.

//

//

//

//

//

//

//

//

//

//

//

//

## IV. **CONCLUSION**

(1)  Scaperotta's Complaint is DISMISSED without prejudice.  Any claims in the Complaint must be brought, if at all, in the United States District Court for the District of Connecticut.

(2)  Scaperotta's IFP Application is DENIED as moot.

(3)  The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

DATED:  December 15, 2020 at Honolulu, Hawaiʻi.



 /s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*Christopher Jay Scaperotta v. Barbra Rhue, et al.*; Civil No. 20-00544 DKW-RT; **ORDER DISMISSING ACTION AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS BY A PRISONER**